# ORIGINAL

# In the United States Court of Federal Claims

No. 13-327 C
(Filed: September 19, 2013)

FILED

SEP 1 9 2013

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
**NEAPOLEON JWAN FREEMAN, SR.**   \*
\*
Plaintiff,   \*
\*
v.   \*
\*
**THE UNITED STATES,**   \*
\*
Defendant.   \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Neapoleon Jwan Freeman, Sr., Coffeewood Correctional Center, Mitchells, VA, Plaintiff, *pro se.*

Nathanael B. Yale, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**DAMICH**, Judge:

Plaintiff filed this complaint on May 8, 2013. He is apparently confined at Coffeewood Correctional Center, in Mitchells, Virginia. As the Government notes, Plaintiff seems to be alleging various grievances relating to his conviction and imprisonment on drug charges. Although his complaint is largely incomprehensible, at best Mr. Freeman appears to be asserting claims of unjust conviction and false imprisonment. Mr. Freeman further states in his complaint, "Need Legal repersentation [sic] In Forma pauperis, Speedy Trial there, No TV trial will be consented to! Extradite." Compl. at 1.[1] Defendant filed a motion to dismiss for lack of jurisdiction.

For the reasons stated below, the Court grants Defendant's motion to dismiss Mr. Freeman's complaint.

---

[1] Plaintiff's submission in opposition to the Government's motion to dismiss was formally titled, "Plaintiff's Motion to Proceed In Forma Pauperis" ("IFP"), although Plaintiff failed to submit the formal application to proceed in such capacity (which, if approved by the Court, would authorize him to forgo paying the complaint filing fee). For purposes of the instant motion only, the Court allows Plaintiff to proceed in forma pauperis. If Plaintiff files any further motions in this action, the Court will insist on his first following proper IFP application procedures.

I.      Legal Standards

Whether a court has jurisdiction over the subject matter in a party's complaint is "a threshold question that must be resolved . . . before proceeding to the merits" of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). When jurisdiction is challenged, the inquiry thus goes not to whether a plaintiff will ultimately prevail, but whether this court has jurisdiction to hear the matter in the first instance. *See Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In weighing a motion to dismiss for lack of subject-matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Nevertheless, when this court's jurisdiction is challenged, it is the plaintiff's burden to demonstrate jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The subject matter jurisdiction of the United States Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491, which provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act itself, however, "does not create substantive rights. Rather, it is a jurisdictional provision 'that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts).'" *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)).

The Federal Circuit has explained that the substantive right must stem from another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Lovelladies Harbour, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994). The "other source of law," however, "need not *explicitly* provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Holmes*, 657 F.3d at 1309 (quoting *Navajo Nation*, 556 U.S. at 290).

When a party is acting *pro se*, courts generally accord the party greater leeway than if he or she had professional representation. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir.

2

2002). Nevertheless, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

II.    Discussion

As an initial matter, Defendant argues that Mr. Freeman "fails to assert a money-mandating statute associated with these claims anywhere in his complaint as required by the Tucker Act." Defendant further argues that, to the extent the Court were to construe Mr. Freeman's complaints as money-mandating under 28 U.S.C. § 1495, which provides jurisdiction to this Court to render judgment on a claim for damages by any person unjustly convicted of an offense against the United States and imprisoned, Plaintiff's claims are still insufficient. This is because, pursuant to 28 U.S.C. § 2513, a claimant pursuing compensation under § 1495 must "allege and prove that . . . [h]is conviction has been reversed or set aside" by presenting a certificate of innocence from the court that ordered the reversal or pardon. 28 U.S.C. § 2513. Other evidence of innocence "shall not be received." § 2513(b).

This Court does not have independent authority to overturn a conviction or weigh the facts or judgment involved in the conviction or imprisonment. *Salman v. United States*, 69 Fed. Cl. 36, 39 (2005); *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002); *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987). Furthermore, this Court agrees with the analysis in *Wood v. United States*, 91 Fed. Cl. 569, 577 (2009) "that compliance with § 2513, including submission of a certificate of innocence from [a federal court] is a prerequisite to the jurisdiction of the Court of Federal Claims." Mr. Freeman, however, has only submitted what appears to be his own handwritten, self-asserting "Certificate of Innocence" as attached to his opposition to Defendant's Motion to Dismiss. Plaintiff's Opp. at 3. By the plain language of the statute, Mr. Freeman's proffer does not suffice. *See* § 2513(b) (noting that proof "shall be by a certificate of the court . . .").

In addition, as Defendant notes, the relief afforded under § 1495 relates to a claim for damages by a person unjustly convicted of an offense *against the United States* and imprisoned." 28 U.S.C. § 1495 (emphasis added). Mr. Freeman's incarceration in a Virginia state prison suggests that that § 1495 is inapplicable here.

To the extent that Plaintiff is asserting tort claims of any sort against the United States, such as, for example, his references to neglect or kidnapping, *see* Compl. at 1, it is well established that this Court lacks jurisdiction over such claims. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993).

Finally, to the extent that Mr. Freeman is actually asserting a right to counsel, although it is not clearly evident in his complaint, his claim is equally unavailing. The Federal Circuit has observed that, [i]n civil proceedings, however, the right to counsel is highly circumscribed." *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). Citing the decision of the Supreme Court in *Lassiter v. Department of Social Servs.*, 452 U.S. 18 (1981), the Federal

Circuit in *Lariscey* noted that "a right to appointed counsel exists only when the indigent may lose his/her personal freedom if the action is lost." *Lariscey*, 861 F.2d at 1270.  As noted above, this Court's jurisdiction does not extend to overturning his conviction or proclaiming upon the propriety of his imprisonment, but rather only to the issue of damages upon his presentation of the requisite certificate of innocence.  In any event, this Court's consideration of a damages claim would not trigger a loss of Mr. Freeman's personal freedom for lack of appointed counsel. He therefore is not entitled to court-appointed counsel in this matter.

III.     Conclusion

Because the Court lacks jurisdiction over Plaintiff's claims, Defendant's motion to dismiss is hereby granted.  The Clerk of Court is directed to enter judgment accordingly.

EDWARD J. DAMICH,
Judge